IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES CALHOUN-EL,

    Plaintiff,

v.                                      Civil Action No. RDB-13-3868

FRANK BISHOP, JR., *et al.*,

    Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM ORDER**

Bryan J. Harrison, of Ballard Spahr LLP, appointed by this Court on October 30, 2015 to represent Plaintiff James Calhoun-El, has submitted a Motion for Extension of Time to File Motion for Reconsideration (ECF No. 69). In support of this Motion, counsel represents that "Ballard Spahr LLP is in the process of performing a conflicts check and attempting to obtain the necessary conflicts waivers to comply with the pertinent ethics rules." Mot. for Extension, ECF No. 69. He further notes that "[s]uch approval and waivers have not yet been finalized internally, with the State of Maryland, or with Plaintiff." *Id.* Therefore, he requests "that this Court allow an additional one week, until and including November 20, 2015, to file a motion for reconsideration." Counsel's Motion for Extension of Time to File (ECF No. 69) is GRANTED[1].

Additionally, Plaintiff has filed, *pro se*, a Motion for Preliminary Injunction (ECF No. 70). In support of this Motion, Plaintiff notes (1) that "[t]his Court ORDERED on October

---

[1] Counsel Bryan J. Harrison did not subsequently file a Motion for Reconsideration.

1

16, 2015 for the Clerk of Court to contact the Pro Bono Coordinator" and (2) that "[o]n October 16, 2015, the Court ORDERED discovery in Plaintiff['s] case." Mot. for Prelim. Inj., ECF No. 70.  Therefore, he requests that this Court "issue an injunction holding that the ORDER issued October 16, 2015 be upheld and a hearing be held on the merits." *Id.*

In order to obtain a preliminary injunction, Plaintiff " 'must demonstrate that (1) [he is] likely to succeed on the merits; (2) [he] will likely suffer irreparable harm absent an injunction; (3) the balance of hardships weighs in [his] favor; and (4) the injunction is in the public interest.' " *Grimm v. Gloucester Cty. Sch. Bd.*, __ F.3d __, No. 15-2056, 2016 WL 1567467, at *9 (4th Cir. Apr. 19, 2016) (quoting *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 236 (4th Cir. 2014)).  Here, Plaintiff has failed to demonstrate that he satisfies any of the criteria for a preliminary injunction.  He simply requests that this Court's prior Order be upheld and that "a hearing be held on the merits."  Furthermore, counsel has in fact been appointed to represent Plaintiff, in accordance with this Court's Order.  Bryan J. Harrison remains in this case as *pro bono* counsel for Plaintiff.  Additionally, Timothy F. McCormack, also of Ballard Spahr LLP, entered his appearance as *pro bono* counsel for Plaintiff in this case on January 15, 2016.  Even affording Plaintiff's Motion a liberal construction, *see Erickson v. Pardus*, 551 U.S. 89 (2007), Plaintiff has failed to demonstrate that he is entitled to a preliminary injunction.  Accordingly, Plaintiff's Motion for Preliminary Injunction (ECF No. 70) is DENIED.

For the reasons stated above, it is this 26th day of April, 2016, ORDERED that:

1. Counsel's Motion for Extension of Time to File (ECF No. 69) is GRANTED;
2. Plaintiff's *pro se* Motion for Preliminary Injunction (ECF No. 70) is DENIED; and

3. A copy of this Memorandum Order shall be sent to Plaintiff and counsel for the parties.

                                                                                                                /s/ Richard D. Bennett

                                                                                                                Richard D. Bennett
                                                                                                                United States District Judge