IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| JAMES CALHOUN-EL, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-13-3868 |
| FRANK BISHOP, JR., *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Now pending before the Court is Plaintiff's Motion for Leave to File Amended Complaint ("Plaintiff's Motion") (ECF No. 75). Defendants have filed a Response in Opposition to Plaintiff's Motion ("Opposition") (ECF No. 76), and Plaintiff has filed his Reply ("Reply") (ECF No. 80). The Court has reviewed the parties' submissions, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons stated herein, Plaintiff's Motion is GRANTED IN PART and DENIED IN PART.

## PROCEDURAL BACKGROUND

Plaintiff James Calhoun-El ("Calhoun-El" or "Plaintiff") is an inmate at Western Correctional Institution ("WCI"). He filed this case pursuant to 42 U.S.C. § 1983 on December 12, 2013. (ECF No. 1.) After briefing by the parties, this Court granted in part and denied in part defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment on November 25, 2014. (ECF Nos. 41, 42, 43.) The claims against Warden Frank

1

Bishop and Chief of Security Michael P. Thomas were dismissed with prejudice, and Bishop and Thomas were dismissed from this case.  (ECF Nos. 42, 43.)  Calhoun-El's claims of due process violation, verbal harassment, and imminent danger of harm were dismissed without prejudice.  *Id.*  As to the remaining defendants, all correctional officers ("correctional officer defendants"), summary judgment on Calhoun-El's s excessive force claims was denied without prejudice, subject to renewal.   Summary judgment was granted in favor of Defendants as to all remaining claims. *Id.*

Defendants filed a Renewed Motion for Summary Judgment (ECF No. 55), which was denied on October 19, 2015.  (ECF Nos. 64, 65.)  Pursuant to this Court's rulings on defendants' motions for summary judgment, only plaintiff's claim of excessive force remained in this case. *See id.*

To help litigate plaintiff's excessive force claim, this Court appointed Bryan J. Harrison, Esq. as *pro bono* counsel on October 30, 2015.  (ECF No. 67.)  On January 15, 2016, Timothy F. McCormick, Esq. also entered his appearance as *pro bono* counsel for Plaintiff.  (ECF No. 73.)  On June 23, 2016, Mr. Harrison filed a Notice of Withdrawal of Appearance and is no longer involved in this case.  (ECF No. 77.)[1]

Nearly eight months after this Court's Order denying defendants' Renewed Motion for Summary Judgment (ECF Nos. 64, 65) and nearly six months after defendants filed their Answer (ECF No. 72), plaintiff filed his now-pending Motion for Leave to File Amended Complaint (ECF No. 75).  Plaintiff's proposed Amended Complaint would replace plaintiff's original, December 20, 2013 Complaint (ECF No. 1), as subsequently modified by plaintiff

---

[1] Mr. McCormick remains as counsel of record for plaintiff in this case.

(ECF Nos. 24, 38, 61, and 62)[2] and limited by the orders of this Court (ECF Nos. 43, 65.)[3] The proposed Amended Complaint would be plaintiff's first pleading filed with the assistance of counsel.  (ECF No. 75.)

<u>STANDARD OF REVIEW</u>

Rule 15(a) of the Federal Rules of Civil Procedure provides the general rules for amending pleadings.  Specifically, Rule 15(a) requires that, after a responsive pleading is served, a plaintiff may amend his complaint "by leave of court or by written consent of the adverse party."   In general, leave to amend a complaint pursuant to Rule 15(a) shall be "freely" granted "when justice so requires."  Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lance v. Prince George's County, Md.*, 199 F. Supp. 2d 297, 300-01 (D. Md. 2002).  The matter, however, is committed to the discretion of the district court, and the district judge may deny leave to amend "when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Center v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *see also Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011).

<u>DISCUSSION</u>

Plaintiff's proposed Amended Complaint seeks to add new parties and new claims to this case.  (ECF No. 75.)[4]  While defendants oppose Plaintiff's Motion in its entirety, they

---

[2] Plaintiff's previous amendments have added new parties and provided names for previously unidentified defendants.

[3] Based on the previous amendments to the Complaint, defendants refer to plaintiff's proposed pleading as his "Fifth Amended Complaint."  *See* ECF No. 76 at 1.

also raise specific arguments in opposition to several of the proposed amendments.  (ECF No. 76.)

## I.   Defendants Are Not Liable in Their Official Capacities for Alleged § 1983 Violations

In Counts IX, X, XI, XIV, and XV of the proposed Amended Complaint, plaintiff seeks to hold defendants liable in both their individual and official capacities for alleged § 1983 violations.  As set forth below, however, defendants are entitled to a sovereign immunity defense on these claims.

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989) (citing *Brandon v. Holt,* 469 U.S. 464, 471 (1985)).  *See also Shiheed v. Gursky,* No. CIV.A. GLR-12-2974, 2015 WL 3752528, at *3 (D. Md. June 15, 2015).  Under the Eleventh Amendment to the United States Constitution, a state, its agencies, and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless the state consents. *See Penhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984).  While the State of Maryland has waived its sovereign immunity for certain actions brought in state courts, it has not waived its immunity under the Eleventh Amendment to suit in federal court pursuant to 42 U.S.C. § 1983.  *See* Md. Code Ann., State Gov't § 12–104(a), § 12–103(2).  The Department of Public Safety and Correctional Services is a state agency, and

---

[4] The Court notes that the proposed Amended Complaint omits defendant CO II Cletus H. Hill, who was added as a party in June 2014.  (ECF Nos. 24, 26.)  As this appears to have been an unintentional omission on the part of plaintiff's counsel, Mr. Hill will remain as a defendant in this case.  If plaintiff no longer wishes to pursue his claims against Mr. Hill, plaintiff should promptly advise the Court.

Western Correctional Institution is its prison.  *See* Md. Code Ann., Corr. Servs. § 2–101; Md. Code Ann., State Gov't § 8–201.

Accordingly, the proposed amendments to all counts are futile as they seek to hold defendants liable in their official capacities for § 1983 violations—relief to which plaintiff is not entitled as a matter of law.  Thus, Plaintiff's Motion is DENIED insofar as it seeks to hold defendants liable in their official capacities for § 1983 violations in Counts IX, X, XI, XIV, and XV.

## II.    Counts I – VII

Plaintiff seeks to add counts for battery (Counts I, III, and V), assault (Counts II, IV, and VI), and intentional infliction of emotional distress (Count VII) against the correctional officer defendants.[5]   As set forth in this Court's Memorandum Opinions denying defendants' motions to dismiss and/or for summary judgment, plaintiff has stated a viable claim pursuant to 42 U.S.C. § 1983 that his rights were violated by the correctional officers' application of excessive force.  (ECF Nos. 42, 64.)  The battery, assault, and intentional infliction of emotional distress claims which plaintiff seeks to add to his Complaint are premised on the same underlying acts which support plaintiff's excessive force claim. Accordingly, defendants have been aware of the acts giving rise to these new claims and would suffer no prejudice from their addition to this case.  Plaintiff's Motion is therefore GRANTED with respect to Counts I-VII of the proposed Amended Complaint.

---

[5] Counts I and II are against defendants Wilson and Turner only.  Counts III through VII are against defendants Merling, Wilson, Fontaine, Hendrick, Benson, Turner, Raines, Payton, Liken, and Logsdon.

### III.    Counts VIII and IX

Count IX states a claim for excessive force in violation of plaintiff's Eighth and Fourteenth Amendment rights.  Count VIII alleges a coordinate violation of plaintiff's rights under Articles 16 and 24 of the Maryland Declaration of Rights.  As set forth in this Court's Memorandum Opinions denying defendants' motions to dismiss and/or for summary judgment, plaintiff has stated a viable claim pursuant to 42 U.S.C. § 1983 that his rights were violated by the correctional officers' application of excessive force.  (ECF Nos. 42, 64.)  As the state constitutional violations are premised on the same underlying conduct, defendants would suffer no prejudice by the proposed amendment.  Accordingly, Plaintiff's Motion is GRANTED as to Counts VIII and IX of the proposed Amended Complaint.[6]

### IV.    Count X

In Count X of the proposed Amended Complaint, plaintiff seeks to add a claim for retaliation pursuant to 42 U.S.C. § 1983.  This count alleges that the defendant correctional officers assaulted plaintiff as retaliation for Plaintiff's filing of requests for administrative and legal remedies on behalf of himself and other inmates.   (ECF No. 75-1 at ¶ 135-36.) Defendants argue that this amendment would be futile insofar as the proposed Amended Complaint fails to "allege specific facts demonstrating a causal relationship between the exercise of a constitutional right and the retaliatory action."  (ECF No. 76 at 13) (citing *Wagner v. Wheeler*, 13 F.3d 86, 90-91 (4th Cir. 1993)).  Specifically, defendants assert that "[p]laintiff has no constitutional right to participate in a voluntary grievance procedure."  (*Id.* at 14.)

---

[6] As stated in section I, *supra*, defendants may not be held liable in their official capacities for alleged § 1983 violations.

While, as defendants argue, plaintiff's retaliation claim may not be premised on his filing of administrative grievances (as these do not impinge upon plaintiff's constitutional rights), the proposed Amended Complaint also alleges that the wrongful conduct was done "as direct retaliation for Plaintiff's exercise of his constitutional right—that is, **Plaintiff's prosecution of this case** and his assistance to other inmates regarding various administrative and **legal complaints**."   (ECF No. 75-1 at ¶ 135) (emphasis added). Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Tibbs v. Hershberger*, No. CIV.A. JKB-13-2340, 2014 WL 3956308, at *9 (D. Md. Aug. 8, 2014), *aff'd,* 589 F. App'x 207 (4th Cir. 2015) (quoting *Bounds v. Smith,* 430 U.S. 817, 825 (1977)).   In assessing the whether the proposed amendment would be futile, the court does not determine whether plaintiff will ultimately prevail on the merits, but, instead, whether the allegations would survive a motion to dismiss under Rule 12(b)(6).   As plaintiff states a plausible claim for relief on this count, the proposed amendment is not futile.   Nor would the addition of this claim prejudice defendants, as the alleged violation is based on the same underlying conduct which has been at issue in this case since the outset.   Thus, Plaintiff's Motion is GRANTED as to Count X of the proposed Amended Complaint.[7]

## V.   Count XI

Count XI of plaintiff's proposed Amended Complaint seeks to impose liability on Maryland Secretary of Public Safety and Correctional Services, Stephen T. Moyer, and two of his predecessors in that position, Gary D. Maynard and Gregg L. Hershberger (the

---

[7] As stated in section I, *supra*, defendants may not be held liable in their official capacities for alleged § 1983 violations.

"Secretary Defendants"), pursuant to 42 U.S.C. § 1983, for their alleged failure to properly train the correctional officer defendants. While plaintiff seeks to hold the Secretary Defendants liable both individually and in their official capacities, any duty to train and supervise the correctional officer defendants would have arisen within their official capacities only ( i.e., in their position as secretaries of the Department of Public Safety and Correctional Services ("DPSCS")). As set forth above, DPSCS has not waived its sovereign immunity in federal court. *See Shiheed*, 2015 WL 3752528, at *3. Thus, the Secretary Defendants as officials of this state agency are entitled to the sovereign immunity defense, and the proposed amendment would be futile.

Even if sovereign immunity did not apply, this Court has held that "[w]hile inadequacy of police training can serve as a basis for liability under § 1983, this is so only where the failure to train is so flagrant that it amounts to 'deliberate indifference' on the part of [defendant] with respect to "the rights of persons with whom the police come into contact." *Hall v. Fabrizio*, No. CIV. JKB-12-754, 2012 WL 2905293, at *2 (D. Md. July 13, 2012) (quoting *City of Canton, Ohio v. Harris,* 489 U.S. 378, 388 (1989)). Thus, "[e]ven at the pleadings stage, a plaintiff seeking to impose liability on a failure-to-train theory cannot rely on legal conclusions and speculations, but must allege at least some facts showing: (1) the nature of the training; (2) that any failure to train was a deliberate or conscious choice by [defendants]; and (3) that any alleged constitutional violations were actually caused by the failure to train." *Id.*

While plaintiff sets forth the elements of a § 1983 failure-to-train claim in his proposed Amended Complaint, plaintiff fails to allege any facts regarding the nature of the

training, how the failure to properly train was a deliberate or conscious choice by defendants, or the causal relationship between the alleged failure to train and plaintiff's injury. *Hall*, 2012 WL 2905293 at *2. This proposed count would be subject to dismissal pursuant to Rule 12(b)(6), and amendment would be futile. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Therefore, Plaintiff's Motion is DENIED as to Count XI of the proposed Amended Complaint.

## VI.    Count XII

Proposed Count XII also involves the alleged failure of the Secretary Defendants to properly train the correctional officers. This count is premised, however, on a state law negligence theory. In their opposition, the Secretary Defendants argue that they are entitled to public official immunity on this claim because their allegedly tortious conduct occurred while performing discretionary, as opposed to ministerial, acts. (ECF No. 76 at 11, 24.) Under Maryland law, for public official immunity to apply:

> "(1) the actor must be a public official, rather than a mere government employee or agent; (2) the conduct must have occurred while the actor was performing discretionary, as opposed to ministerial, acts; and (3) the actor must have performed the relevant acts within the scope of his official duties. If those three conditions are met, the public official enjoys a qualified immunity in the absence of "malice."

*Baltimore Police Dep't v. Cherkes*, 140 Md. App. 282, 328, 780 A.2d 410, 437 (2001) (quoting *City of District Heights*, 123 Md. App. at 516, 719 A.2d 998). "Whether a public official's actions are ministerial or discretionary is a question of law for the court." *Id.* "[A]n act falls within the discretionary function of a public official if the decision which involves an exercise of his personal judgment also includes, to more than a minor degree, the manner in which the police power of the State should be utilized." *Id.* at 328–29, 437 (quoting *James v.*

*Prince George's County,* 288 Md. 315, 327, 418 A.2d 1173 (1980), *superseded by rule on other grounds, Prince George's County v. Fitzhugh,* 308 Md. 384, 519 A.2d 1285 (1987)).

It is undisputed that the Secretary Defendants were public officials whose alleged wrongful acts occurred within the scope of their official capacities.  *See* ECF No. 75-1 at ¶ 155; ECF No. 76 at 11.   As in *Cherkes,* moreover, the Secretary Defendants' alleged negligence in developing rules, guidelines, procedures, and protocols that would sufficiently train correctional officers and prevent the type of injury suffered by plaintiff were discretionary acts.  (*Id.* at ¶ 158.)  Nor, contrary to plaintiff's argument in his Reply, does the proposed Amended Complaint even allege that the Secretary Defendants acted with malice.[8] (ECF No. 80 at 16.)   Accordingly, the public official immunity defense applies to the Secretary Defendants' alleged negligence, and the addition of this count would therefore be futile.  Plaintiff's Motion is DENIED as to proposed Count XII.

## VII.   Count XIII

Proposed Count XIII seeks to hold the Secretary Defendants liable under a vicarious liability theory for the alleged tortious acts of the correctional officers.  It is well established, however, that under ordinary circumstances, "an employee is not vicariously liable for the tortious conduct of a co-employee." *Cherkes,* 140 Md. App. At 332, 780 A.2d at 439.  "An officer or managing employee may be liable for a co-employee's tortious conduct if he or she participated in or directed the conduct." *Id.* at 333, 440.  Here, the proposed Amended

---

[8] Even if malice were alleged, plaintiff would still need to identify specific facts supporting a finding of malice in order to overcome a motion to dismiss.  "[T]he mere assertion that an act 'was done maliciously, or without just cause, or illegally, or with wanton disregard, or recklessly, or improper motive' is not sufficient.  To [overcome] a motion raising governmental immunity, the plaintiff must allege with some clarity and precision those facts which make the act malicious." *Cherkes,* 140 Md. App. at 330, 780 A.2d at 438 (quoting *Penhollow v. Board of Commissioners,* 116 Md. App. 265, 294, 695 A.2d 1268 (1997).  *See also Twombly,* 550 U.S. at 555.

Complaint does not allege that the Secretary Defendants participated in or directed the correctional officer defendants' alleged wrongful conduct toward plaintiff.[9]  This proposed count would be subject to dismissal pursuant to Rule 12(b)(6) and is therefore futile.  Thus, Plaintiff's Motion is DENIED as to Count XIII of the proposed Amended Complaint.

## VIII.  Count XIV

Count XIV of plaintiff's proposed Amended Complaint seeks to impose liability on the Secretary Defendants pursuant to 42 U.S.C. § 1983, for their alleged deprivation of plaintiff's right of access to the courts.  Specifically, this proposed count alleges that the Secretary Defendants failed to develop document retention policies and failed to institute a litigation hold in this case so as to prevent litigation abuses.  (ECF No. 75-1 at ¶ 168-178.) In turn, plaintiff alleges, the failure to retain documents constitutes a deprivation of plaintiff's right of access to the courts.  (*Id.* at ¶ 172.)  Defendants oppose this novel theory on several grounds, including failure to exhaust administrative remedies, facial deficiency, and bad faith.  (ECF No. 76 at 16-21.)

While plaintiff seeks to hold the Secretary Defendants liable both individually and in their official capacities, any duty to develop document retention procedures would have arisen within their official capacities only (i.e., in their position as secretaries of the Department of Public Safety and Correctional Services ("DPSCS")).  As set forth above, DPSCS has not waived its sovereign immunity in federal court.  *See* Md. Code Ann., State Gov't § 12–104(a), § 12–103(2).  Thus, the Secretary Defendants as officials of this state

---

[9] Insofar as plaintiff alleges that the Secretary Defendants failed to prevent their co-employees' tortious conduct, these allegations would be precluded by the public official immunity defense. *See supra.*

agency are entitled to the sovereign immunity defense, and the proposed amendment would be futile.

Even if sovereign immunity did not apply, this creative claim would founder for several reasons. First, there is no recognized *constitutional right* for an individual to dictate how a government entity creates and preserves its records. Moreover, given the extensive legislation that governs the recordkeeping policies of federal and state agencies, plaintiff's claim borders on the non-justiciable, as it involves questions more properly assigned to the political branches of government. *See, e.g.*, 44 U.S.C. § 101, *et seq.* (governing the printing and publication of federal records). Third, the courts have consistently held that the recognized constitutional right of access to the courts is not without limits. *See, e.g., Lewis v. Casey*, 518 U.S. 343, 364 (1996); *Strickler v. Waters*, 989 F.2d 1375, 1382 (4th Cir. 1993). Finally, the courts have developed ample means of remedying the types of litigation abuses alleged by plaintiff. The Federal Rules of Civil Procedure (and case law interpreting the Rules) provides for strict penalties—including contempt sanctions, the drawing of adverse inferences, and deemed admissions—for spoliation and failure to preserve evidence. *See* Fed. R. Civ. P. 37(b)(2); *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 524 (D. Md. 2010) (Grimm, J.). To the extent that plaintiff may show that defendants failed to satisfy their obligations to the court and to plaintiff, these alleged abuses will be addressed in due course as this case progresses. The potential for discovery and other litigation sanctions, however, does not state an independent cause of action. As proposed Count XIV fails to state a plausible claim, amendment would be futile. Accordingly, Plaintiff's Motion is DENIED as to this count of the proposed Amended Complaint.

### IX.    Count XV

Proposed Count XV alleges that Warden Graham, Assistant Warden Gelsinger, and Chief of Secuirty Butler ("the Supervisory Defendants") were deliberately indifferent to the risk of further assault against plaintiff by the correctional officer defendants.  (ECF No. 75-1 at ¶ 4-5.)  Defendants argue that this proposed amendment is futile for the reasons set forth in this Court's dismissal of plaintiff's original supervisory liability claims.  *See* ECF No. 42 at 16-17.  (ECF No. 76 at 15-16.)  Defendants also argue that the liability of the Supervisory Defendants cannot be established because the named individuals were not serving as warden of WCI at the time of the alleged assaults.  (*Id.*)

As previously stated by this Court in dismissing defendants Thomas and Bishop from this case:

> "To the extent Calhoun–El names either Defendant based on his supervisory role, a defendant in a § 1983 action may not be held liable based upon the theory of *respondeat superior*.  *See Iqbal,* 556 U.S. 662, 676 (2009); *Monell v. Department of Social Services,* 436 U.S. 658, 694 (1978); *Love–Lane v. Martin,* 355 F.3d 766, 782 (4th Cir.2004).  Instead, supervisory liability is "determined 'by pinpointing the persons in the decision making chain whose deliberate indifference permitted the constitutional abuses to continue unchecked.'" *Shaw v. Stroud,* 13 F.3d 791, 798 (4th Cir.1994) (quoting *Slakan v. Porter,* 737 F.2d 368, 372–73 (4th Cir.1984)).  "Supervisory liability under § 1983 must be supported with evidence: 1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; 2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and 3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.  *See Shaw,* 13 F.3d at 799. Calhoun–El sets forth no allegations of fact suggesting this case satisfies the standard for assigning supervisory liability. Consequently, the claims against Bishop and Thomas will be dismissed and they will be dismissed as Defendants."

(ECF No. 42 at 16-17.)   The same reasoning applies with respect to plaintiff's proposed claims against the Supervisory Defendants.   As the proposed amendment would, therefore, be futile, Plaintiff's Motion is DENIED as to this count.


<u>CONCLUSION</u>

For the reasons stated above, Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 75) is GRANTED IN PART and DENIED IN PART.

A separate order follows.


Date: September 29, 2016                    _____/s/_____
                                            Richard D. Bennett
                                            United States District Judge